IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.:

KHEMRANIE DOMAN,

    Plaintiff,

vs.

WAL-MART STORES EAST, LP,
a Delaware Limited Partnership, and
WILLIAMS PERERA, Store Manager,

    Defendants,

_____/

## COMPLAINT FOR MONEY DAMAGES

The Plaintiff, KHEMRANIE DOMAN, by and through undersigned counsel, sues the Defendants, WAL-MART STORES EAST, LP, a Delaware Partnership, and WILLIAMS PERERA, Store Manager, and alleges as follows:

### GENERAL ALLEGATIONS

1. This is an action for damages in excess of Thirty Thousand ($30,000.00) Dollars and this Court has jurisdiction under Article V, § 5(b) Florida Constitution and Section 26.012 Florida Statutes (1987).

2. At all times material hereto, Plaintiff, KHEMRANIE DOMAN, was and is a resident of Broward County, Florida.

3. At all times material hereto, Defendant, WAL-MART STORES EAST, LP, *(hereinafter referred to as "WAL-MART")*, was and is a Delaware limited partnership, of which WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner, with their principal place of business for all entities in Bentonville, Arkansas and all of whom are licensed to do business and actually doing business in the State of Florida.

*Khemranie Doman v. Wal-mart Stores East, LP, et al.*
*Broward County, Circuit Court, Case No.:*
*Complaint for Money Damages*

4. At all times material hereto, Defendant, WILLIAMS PERERA, was and is a resident of Broward County Florida and the Store Manager of the subject, Wal-Mart Store.

5. At all times material hereto, Defendant, WILLIAMS PERERA, was acting in the capacity of Store Manager, including on the date of the incident, June 23, 2018.

6. At all times material hereto, Defendant, WAL-MART maintained offices, employees, agents and/or representatives in Broward County, Florida.

7. At all times material hereto, Defendant, WAL-MART, owned, operated, controlled, managed, supervised, and/or maintained a store engaged in the sale of various products, merchandise and groceries, located at 7900 West McNabb Rd., North Lauderdale, Florida 33068 (*hereinafter referred to as* "subject WAL-MART STORE").

8. At all times material hereto, Defendant, WAL-MART, through its agents, employees, servants and/or contractors managed, supervised, controlled, and/or maintained the subject WAL-MART STORE.

9. On or about June 23, 2018, the Plaintiff, KHEMRANIE DOMAN, was lawfully upon the Defendant's afore described premises as a business invitee for the purpose of purchasing various products and groceries.

10. At said time and place, Plaintiff, KHEMRANIE DOMAN, was standing and/or walking upon the floor of said premises in an area open to use for customers when she slipped on a foreign, gel like substance that had been left on the floor unattended, that was concealed or not readily visible, causing her to fall violently to the ground.

*Khemranie Doman v. Wal-mart Stores East, LP, et al.*
*Broward County, Circuit Court, Case No.:*
*Complaint for Money Damages*

11. As a result of the above described incident, Plaintiff, KHEMRANIE DOMAN, suffered serious and severe injuries that necessitated extensive and costly medical care, and treatment.

## COUNT I
## NEGLIGENCE OF DEFENDANT WAL-MART STORES EAST, LP

Plaintiff restates and reavers Paragraphs 1 through 11 as if fully set forth herein and would further state:

12. At all times material hereto, Defendant, WAL-MART, owed a duty to its invitees, including the Plaintiff, KHEMRANIE DOMAN, to maintain its aforementioned premises in a reasonable and safe condition, so as to be free of any unreasonable risks of harm.

13. At all times material hereto, Defendant, WAL-MART, owed an additional duty to warn its invitees, including the Plaintiff, KHEMRANIE DOMAN, of any dangerous conditions that the Defendant knew or with the exercise of reasonable care, should have known existed on its premises.

14. At all times material hereto, Defendant, WAL-MART, by and through its agents, employees and/or representatives, was careless and negligent and breached said duties in one or more of the following ways:

   a. By failing to maintain its premises in a reasonably safe manner;

   b. By carelessly and negligently allowing and/or permitting a dangerous condition to exist on the aforementioned premises;

   c. By failing to properly and/or adequately inspect the premises to remove hazards and other dangerous conditions thereon;

   d. By failing to warn its invitees, including the Plaintiff, KHEMRANIE DOMAN, of the afore described dangerous condition existing on its premises;

Case 0:21-cv-61671-KMW   Document 1-1   Entered on FLSD Docket 08/12/2021   Page 4 of 7

*Khemranie Doman v. Wal-mart Stores East, LP, et al.*
*Broward County, Circuit Court, Case No.:*
*Complaint for Money Damages*

  e. By failing to implement and follow proper practices and procedures to avoid creating a hazardous condition upon its premises and timely remove the aforesaid hazardous condition when, Defendant, knew or should have known it existed;

  f. By failing to properly clean up the foreign substance gel spill.

15. The aforementioned hazardous condition was caused or created by the actions or inactions of the Defendant, by and through its employee(s), or existed for a sufficient length of time so that the Defendant by and through its agents, employees and/or representatives should have been aware of its existence.

16. As a direct and proximate result of the negligence of Defendant, WAL-MART, the Plaintiff, KHEMRANIE DOMAN, was injured in and about her body and/or aggravated a pre-existing condition or injury, suffered pain therefrom, incurred medical and related expenses in the treatment of her injuries, suffered physical handicap, suffered psychological and emotional injuries, and her working ability was impaired, sustained permanent injuries within a reasonable degree of medical probability and/or suffered permanent loss of bodily function, and has lost the capacity for the enjoyment of life.

17. In that the injuries suffered by Plaintiff, KHEMRANIE DOMAN, are continuing in nature, she will continue to suffer pain, disfigurement, scarring, psychological and emotional injuries, physical handicap and permanent injury in the future and she will be further compelled to expend great sums of money for medical care and related treatment for those injuries, and will continue to suffer the loss of the capacity for the enjoyment of life.

**WHEREFORE**, Plaintiff, KHEMRANIE DOMAN, demands judgment for damages against the Defendant, WAL-MART STORES EAST, LP together with interest and costs, and demands trial by jury of all issues triable as of right by a jury.

Case 0:21-cv-61671-KMW   Document 1-1   Entered on FLSD Docket 08/12/2021   Page 5 of 7

*Khemranie Doman v. Wal-mart Stores East, LP, et al.*
*Broward County, Circuit Court, Case No.:*
*Complaint for Money Damages*

## COUNT II
## NEGLIGENCE OF DEFENDANT, WILLIAMS PERERA

Plaintiff restates and reavers Paragraphs 1 through 11 as if fully set forth herein and would further state:

18. At all times material hereto, Defendant, WILLIAMS PERERA, was the store manager of the subject WAL-MART STORE and was present and on duty at the store on the date of the subject incident that gives rise to the matters alleged in the Complaint.

19. At all times material hereto, Defendant, WILLIAMS PERERA, personally knew or should have known that the store's customers and patrons, including the Plaintiff, would regularly be walking near the beauty aisle that contained the subject dangerous condition.

20. At all times material hereto, Defendant, WILLIAMS PERERA, as the stores manager had an affirmative duty to actively and personally supervise inspect, detect, maintain, clean, and keep safe the store's areas of ingress and egress, including its aisles where customers were expected to traverse from any dangerous conditions that Defendant, WILLIAMS PERERA, knew or with the exercise of reasonable care, should have known it existed on the premises of the subject WAL-MART STORE.

21. Defendant, WILLIAMS PERERA, as the stores manager also had the additional affirmative duty to personally carry out store policies relative to inspecting, detecting, warning of, and correcting dangerous conditions posed by foreign substance on the traveled areas of the floor.

22. At all times material hereto, Defendant, WILLIAMS PERERA, by and through its agents, employees and/or representatives, was careless and negligent and breached said duties in one or more of the following ways:

   a. By failing to adopt, implement, supervise, and/or train staff on policies and

Case 0:21-cv-61671-KMW   Document 1-1   Entered on FLSD Docket 08/12/2021   Page 6 of 7

*Khemranie Doman v. Wal-mart Stores East, LP, et al.*
*Broward County, Circuit Court, Case No.:*
*Complaint for Money Damages*

      procedures, based upon information and belief, that WAL-MART provided to its employees, including the Store Manager, Defendant, WILLIAMS PERERA, regarding inspecting, placing warning signs, and immediately cleaning dangerous conditions, including slippery substances, from its store aisles;

    b.   By failing to personally inspect and maintain the subject WAL-MART STORE aisles free from foreign objects and substances that posed a fall and slipping hazard for patrons;

    c.   By failing to maintain and/or train staff to maintain a safe and clear means of ingress and egress to and from the WAL-MART store aisles;

    d.   By failing to timely inspect and/or instruct staff to inspect the subject aisle and clear it of the foreign substance;

    e.   By failing to personally place and/or train staff to place a warning sign in the aisle when the dangerous condition was known and/or should have been known;

    f.   By failing to personally clean and/or train staff to clean the foreign substance when he knew or with the exercise of reasonable care, should have known it existed on the premises of the subject WAL-MART STORE;

    g.   By failing to personally address and attend to the Plaintiff, after she fell.

    23.   As a direct and proximate result of the negligence of Defendant, WILLIAMS PERERA, Plaintiff, KHEMRANIE DOMAN, was injured in and about her body and/or aggravated a pre-existing condition or injury, suffered pain therefrom, incurred medical and related expenses in the treatment of her injuries, suffered physical handicap, suffered psychological and emotional injuries, and her working ability was impaired, sustained permanent injuries within a reasonable degree of medical probability and/or suffered permanent loss of bodily function, and has lost the capacity for the enjoyment of life.

Case 0:21-cv-61671-KMW   Document 1-1   Entered on FLSD Docket 08/12/2021   Page 7 of 7

*Khemranie Doman v. Wal-mart Stores East, LP, et al.*
*Broward County, Circuit Court, Case No.:*
*Complaint for Money Damages*

24. In that the injuries suffered by Plaintiff, KHEMRANIE DOMAN, are continuing in nature, she will continue to suffer pain, disfigurement, scarring, psychological and emotional injuries, physical handicap and permanent injury in the future and she will be further compelled to expend great sums of money for medical care and related treatment for those injuries, and will continue to suffer the loss of the capacity for the enjoyment of life.

**WHEREFORE**, Plaintiff, KHEMRANIE DOMAN, demands judgment for damages against the Defendant, WILLIAMS PERERA, together with interest and costs, and demands trial by jury of all issues triable as of right by a jury.

### DEMAND FO R JURY TRIAL

The Plaintiff in the above-styled cause demands a trial by jury of all issues triable as of right by a jury.

**DATED:** October 12, 2020

                 **ROSELLI & ASSOCIATES**
                 Attorney for Plaintiff
                 The Roselli Building, Suite 600
                 3471 North Federal Highway
                 Fort Lauderdale, Florida 33306
                 Telephone:   (954) 568-0700
                 Facsimile:    (954) 568-0444
                 E-Mail: courtfilings@rosellilaw.com

                 By: /s/ Daniel P. Melrose
                     ROBERT M. ROSELLI, ESQ.
                     Florida Bar No.: 815144
                     DANIEL P. MELROSE, ESQ.
                     Florida Bar No.: 120355